IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRELL M. NOWLIN,

        Petitioner,

        v.

ROD JOHNSON, WARDEN,

        Respondent.

CASE NO. 2:14-CV-317
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Terrell M. Nowlin, the petitioner in this habeas corpus action, is a prisoner at the Ross Correctional Institution located in Chillicothe, Ohio.  He is serving a life term, plus other sentences, after he was convicted in the Court of Common Pleas of Muskingum County, Ohio, of aggravated murder, kidnaping, tampering with evidence, and abuse of a corpse.  On December 19, 2011, a jury found him guilty of those charges after hearing evidence that he shot and killed Tyler Hardin and then buried him in a shallow grave on a farm located in rural Muskingum County.  A state court judge, after merging some of the offenses for sentencing purposes, originally imposed a sentence of life in prison without the possibility of parole on the aggravated murder count, to be followed by one consecutive sentence of eleven years and three consecutive sentences of thirty-six months each.  *Return of Writ*, Ex. 7.

Petitioner appealed both his conviction and sentence. The Fifth Appellate District Court of Appeals affirmed his conviction in an opinion filed on October 19, 2012. *State v. Nowlin*, 2012 WL 5287902 (Muskingum Co. App. Oct. 19, 2012). However, that court agreed with Petitioner that the trial judge "did not make the required findings to impose consecutive sentences," findings required by Ohio Rev. Code §2929.14(C)(4), and it remanded the case for resentencing. *Id*. at *11. Petitioner filed an untimely appeal from that decision which the Ohio Supreme Court declined to consider. *State v. Nowlin*, 135 Ohio St.3d 1411 (Apr. 24, 2013). The Court will not detail those proceedings further because they do not involve the issue raised in the petition filed in this case.

The trial court held a resentencing hearing on November 13, 2012. The judge reimposed the same sentences, and again ran them consecutively, finding that: (1) the punishment was not disproportionate to the seriousness of the offenses or the danger which Petitioner posed to the community; (2) at least two of the offenses were committed as part of one course of conduct; and (3) the harm caused by the offenses was so great that no single prison term for any of the offenses adequately addressed the seriousness of the conduct involved. Petitioner filed an appeal of his new sentence. He raised one issue on appeal: "The defendant-appellant was denied due process by a sentence which is contrary to Ohio law and the State and Federal Constitutions." Although the trial court's sentencing entry and Petitioner's appellate brief are referred to in the Return of Writ, they do not appear to be part of the Court's record; the exhibits attached to the Return are missing Exhibits 11-16. Nonetheless, the Court can glean the

contents of those documents from the state court of appeals' decision, which is Exhibit 17, and is also found at *State v. Nowlin*, 2013 WL 3204855 (Muskingum Co. App. June 20, 2013).

The state court of appeals overruled the lone assignment of error.  Petitioner appealed that decision to the Ohio Supreme Court, repeating his argument that the sentence was imposed in violation of both state and federal law.  Although his federal constitutional argument is not entirely clear, he appeared to assert both that the application of the revised version of Ohio's sentencing law to his case was impermissible under the Ex Post Facto clause and that because all of the crimes for which he was convicted arose from a single course of events, the crimes were all the same act for double jeopardy purposes and only one sentence was permitted.  *Return*, Ex. 19, at 8.  The Ohio Supreme Court did not accept the case for review.  *State v. Nowlin*, 136 Ohio St.3d 1560 (Nov. 6, 2013).

Petitioner timely filed this petition for a writ of habeas corpus under 28 U.S.C. §2254.  Doc. 1.  The single issue he raises, and the facts supporting it, are, in his words:

> **GROUND ONE**: The trial court committed plain error in permitting consecutive terms which is contrary to Ohio law and the state and federal constitutions pursuant to R.C. 2929.41.
>
> **Supporting facts**: R.C. 2929.41, as revised by HB86, permits consecutive terms only in the case of Violent Sexual Predators and out of State offenders. Id., 2929.41.  This is the law of Ohio and the measure of Due Process under ex post facto. Id., Art. 1, Sec. 10 and Art. 2, Sect. 28 of the Ohio Const. Of Art. 1, Sec. 10 and the 5th, 6th and 14th Amends.

He did not include any supporting arguments, and he did not file a traverse to the return.

## II. DISCUSSION

Cases filed under 28 U.S.C. §2254 are reviewed under a deferential standard. When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In applying this statute, the Supreme Court has held that "[t]he focus ... is on whether the state court's application of clearly established federal law is objectively unreasonable ... an unreasonable application is different from an incorrect one." *Bell v. Cone,* 535 U.S. 685, 694 (2002). To obtain habeas corpus relief, a petitioner must show the state court's decision was "so lacking in justification that there was an error well

-4-

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. ----, ----, 131 S.Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 131 S .Ct. at 786, *quoting Jackson v. Virginia*, 443 U.S. 307, 332, n. 5,(1979) (Stevens, J., concurring in judgment). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id., quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

The state court of appeals disposed of Petitioner's assignment of error in a very brief opinion. It characterized its role as "looking at the entire trial court record to determine if that record supports the trial court's findings that the RC 2929.14(C) factors were met." It then found that "the trial court properly considered the purposes and principles of felony sentencing, the factors of seriousness and recidivism and the R.C. 2929.14(C) factors when it re-sentenced Nowlin on November 13, 2012." Consequently, it affirmed the sentence. *State v. Nowlin*, 2013 WL 3204855, at *3. No mention was made of Petitioner's constitutional arguments, either state or federal.

Although the state appellate court did not, in this case, express any reasoning supporting the denial of the federal constitutional aspect of Petitioner's assignment of error, the Court still must view its decision with deference; as the Supreme Court said in *Harrington*, 131 S.Ct. at 784, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an

opinion from the state court explaining the state court's reasoning." Rather, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.*

Respondent addresses the due process issue by arguing that the only potential claim here is that the trial judge violated state law when he imposed consecutive sentences, thus resulting in a fundamentally unfair proceeding. However, because the state court of appeals decided in Petitioner's case that state law was not violated, and because rulings of the state courts on issues of state law are binding on the federal courts, Respondent asserts that no due process violation occurred. Respondent does not mention the Ex Post Facto argument other than to point out that because the effective date of the statute under which Petitioner was sentenced was prior to the sentencing, the law properly applied to him. The return is silent as to any double jeopardy claim.

Petitioner does appear to claim that the trial court misapplied Ohio's sentencing statutes. He argued to the state courts that consecutive sentences can be imposed only on sex offenders or out-of-state offenders. As a matter of state law, that appears to be incorrect. The issue of multiple sentences in Ohio is governed by Ohio Rev. Code (R.C.) §2929.41. Subsection (A) of that statute contains a presumption of concurrent sentencing. However, that presumption is qualified by language which cross-references certain provisions of two other sentencing statutes, R.C. §2929.14(C) and R.C. §2971.03(D) and (E). The latter statute has no application here, since it deals with either

violent sex offenses or persons convicted of a sexual motivation specification. R.C. §2929.14(C), however, is the section under which Petitioner was sentenced.

Under R.C. §2929.14(C)(4), if prison terms are to be imposed for multiple offenses, a trial judge "may require the offender to serve the prison terms consecutively" if the judge makes certain findings. A necessary finding for imposing any consecutive sentence is that "consecutive service [of the sentence] is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public...." Once that finding is made, the judge must also make one of three additional findings before imposing consecutive sentences. They are: (1) that one or more of the multiple offenses was committed while the offender was awaiting trial or sentencing, was subject to certain statute-based sanctions, or was on post-release control; or (2) that at least two of the offenses were part of one or more courses of conduct and the offenses caused such "great or unusual" harm that no one sentence "adequately reflects the seriousness of the offender's conduct"; or (3) that such sentences were needed in order to protect the public from future criminal conduct by the offender. Thus, the language of Ohio's statutory scheme simply does not support Petitioner's claim that there is no provision of Ohio law which allowed the trial judge to run his sentences consecutively.

But it is not this Court's function, in the context of a habeas corpus proceeding, to interpret state law. That job is left to the state courts, and "the views of the state's highest court with respect to state law are binding on the federal court." *Wainwright v.*

*Goode*, 464 U.S. 78, 84 (1983).  Federal courts may issue a writ of habeas corpus only to remedy violations of federal law; "federal habeas corpus relief does not lie for errors of state law...." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  So the due process question in this case is not whether the state trial judge violated state law, but whether the state trial judge's application of Ohio law "rendered [the] entire [process] fundamentally unfair ...."  *See Bey v. Bagley*, 500 f.3d 514 (6th Cir. 2007).

      The Court is aware of no United States Supreme Court case holding that even when a state court judge makes the type of findings described in a statute like R.C. 2929.14(C)(4), it is fundamentally unfair for that judge to impose consecutive sentences.  Both state and federal courts have the power to impose consecutive sentences for multiple offenses.  The Supreme Court has called the practice of giving trial judges "unfettered discretion [to decide] whether sentences for discrete offenses shall be served consecutively or concurrently" a "common-law tradition...." *Oregon v. Ice*, 555 U.S. 160, 163 (2009).  As discussed below, there has been some debate about whether a judge or a jury must make the findings necessary under state law to impose consecutive sentences, but there has not been any debate about a state legislature's power to pass laws permitting consecutive sentences to be imposed.  Doing so does not violate any clearly established federal law construing the Due Process Clause, nor does it make the state court proceedings fundamentally unfair.  The current record simply does not support a due process claim, nor has Petitioner met his burden of demonstrating that no reasonable jurist would have rejected his due process claim.

In his petition, Petitioner cites, briefly, the Sixth Amendment to the United States Constitution.  One of the ways that amendment has been interpreted is to require a jury to make certain factual findings in connection with criminal sentencing.  As the Supreme Court said in *Blakely v. Washington*, 542 U.S. 296, 303 (2004), a judge may not, without violating the Sixth Amendment, sentence a defendant to more than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

There was some question, after *Blakely*, about how that principle applied to the imposition of consecutive sentences for multiple offenses.  In *State v. Foster*, 109 Ohio St.3d 1 (2006), syllabus ¶3, the Ohio Supreme Court held that "[b]ecause [the prior versions of] R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."   However, in *Oregon v. Ice*, 555 U.S. 160 (2009), the United States Supreme Court held that the Sixth Amendment does not require juries to find the facts which are needed to support the imposition of consecutive sentences for separate offenses; rather, when a judge makes those findings, "[t]here is no encroachment ... by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused," concerns that had led the Court to apply the Sixth Amendment to other sentencing factors.  Ohio's subsequent re-enactment of these statutes, which again allow trial judges to make findings justifying the imposition of consecutive sentences, is consistent with *Oregon v. Ice* and does not violate the Sixth Amendment.

Petitioner also makes reference to the Double Jeopardy and Ex Post Facto clauses of the United States Constitution - arguments not directly addressed by either the state courts or by Respondent.  However, neither of these arguments persuades the Court that the state courts unreasonably denied Petitioner relief.  The Double Jeopardy clause, as it is applied by the federal courts to state sentencing, is implicated only if multiple sentences are imposed for the same offense "in excess of that authorized by the legislature," *White v. Howes*, 586 F.3d 1025, 1032 (6th Cir. 2009), and then only if the offenses on which multiple sentences are imposed are for identical offenses - that is, offenses which do not each "require proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299 (1932).  There is nothing here to suggest that the offenses for which Petitioner received multiple, consecutive sentences are actually a single offense - clearly, they are not - nor that he received a sentence in excess of what the Ohio legislature authorized.  His double jeopardy argument therefore lacks merit.

Finally, Petitioner mentions the Ex Post Facto clause.  Although he does not make a specific argument under that constitutional provision, it would appear that he believes that the consecutive sentencing statute could not constitutionally be applied to him because that statute was not signed into law until after the date on which he committed his crimes (although it did take effect before both the initial sentencing in the case and the resentencing).   This argument, too, is without legal support.

As the Supreme Court has explained, the hallmark of a sentencing law that violates the Ex Post Facto clause is that it "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime when committed." *Calder v.*

*Bull*, 3 Dall. 386, 390 (1798).  Here, however, at the time he committed the crimes for which he was sentenced, and under the law as it then existed, Petitioner could have been sentenced to consecutive sentences under Ohio law.  At that time, following *State v. Foster*, *supra*, no fact finding was necessary before a judge imposed consecutive sentences, so such sentences were a possibility.  The availability of consecutive sentences did not change when R.C. §§2929.14 and 2929.41 were re-enacted, only the procedure by which they could be imposed.  That situation is no different than what happened after *State v. Foster* was decided; defendants who committed crimes prior to *Foster* and who complained about the use of *Foster's* procedure for imposing consecutive sentences - a procedure not in place when they offended - also raised ex post facto challenges, but those challenges were unsuccessful.  As the Court of Appeals explained in *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010),

> Hooks was initially and constitutionally subject to consecutive sentences according to the "guided discretion" of the court.... Hooks was always aware of the potential for consecutive sentences. On re-sentencing post *Foster* he remained subject to consecutive sentences within the discretion of the court. Since Hooks was always subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns.

Exactly the same is true of Petitioner.  Because the severity of the sentence he faced for the crimes he committed was the same before and after the adoption of the current versions of R.C. §§2929.14 and 2929.41, there is no ex post facto issue here.  Consequently, the Ohio courts did not act unreasonably or contrary to clearly

established federal law by denying him relief on any of his federal constitutional claims, and he is not entitled to habeas corpus relief in this Court.

### III.  RECOMMENDATION

For all of the reasons set forth above, it is recommended the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED**.

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

-13-

/s/ Terence P. Kemp
United States Magistrate Judge